J-S04022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIE E. HOUSEKNECHT | : | |
| | : | |
| Appellant | : | No. 1848 MDA 2017 |

Appeal from the Order Entered October 30, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000276-2004

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED JULY 30, 2019**

Jamie E. Houseknecht appeals from the order entered October 30, 2017, in the Berks County Court of Common Pleas, dismissing his second petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Houseknecht seeks relief from the judgment of sentence of an aggregate 12 to 24 years' imprisonment, imposed following his negotiated guilty plea to one count each of aggravated indecent assault without consent, indecent assault of a person less than 13 years of age, and attempted involuntary deviant

_____

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

sexual intercourse — threat of forcible compulsion.[2]  Concomitant with this appeal, counsel has filed a petition to withdraw.[3]  Because we conclude the PCRA petition was untimely filed, we affirm, and grant counsel's petition to withdraw.

The parties are well aware of the facts underlying Houseknecht's guilty plea, and we need not recite them herein.  In summary, on April 26, 2004, Houseknecht entered a negotiated guilty plea to the aforementioned charges. The charges arose from a January 4, 2004 incident, wherein Houseknecht, then age 24, hid in a public women's bathroom waiting for an unaccompanied child to enter.  When an 8-year-old girl and her three-year-old brother entered, he forcibly restrained them, threatened them, and repeatedly sexually assaulted the girl.  The incident only ended when the children's father came looking for them.  Following an evaluation by the Sexual Offenders Assessment Board, sentencing took place on December 1, 2004.  The trial court sentenced Houseknecht in accordance with the terms of the plea agreement and designated him a sexually violent predator; thus, he is subject to lifetime registration under Megan's Law.

---

[2] 18 Pa.C.S.A. §§  3125(a)(1), 3126(a)(7), 901, and 3123(a)(2), respectively.

[3] *See* ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On March 2, 2006, this Court affirmed the judgment of sentence. ***Commonwealth v. Houseknecht***, 898 A.2d 1129 (Pa. Super. 2006) (unpublished memorandum). Houseknecht did not seek leave to appeal to the Pennsylvania Supreme Court.

On April 18, 2007, Houseknecht filed a *pro se* PCRA petition. The court appointed counsel who subsequently sought leave to withdraw. On April 30, 2008, the PCRA court dismissed the petition. On January 11, 2011, this Court dismissed Houseknecht's appeal for failure to file a brief. On June 29, 2012, the Pennsylvania Supreme Court dismissed Houseknecht's application for leave to file a petition for allowance of appeal *nunc pro tunc*.

On January 14, 2016, Houseknecht filed a second PCRA petition accompanied by a motion for appointment of counsel. The court appointed counsel, who subsequently sought leave to withdraw. On April 1, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1) and granted counsel's request to withdraw. On October 30, 2017, the PCRA court dismissed the petition as untimely. The instant, timely appeal followed.[4]

---

[4] The PCRA court subsequently granted Houseknecht's motion for appointment of counsel and directed counsel to file a concise statement of errors complained of on appeal. After multiple delays and a change of counsel, appellate counsel filed a timely Rule 1925(b) statement on September 28, 2018. On October 22, 2018, the court filed an opinion.

Prior to addressing the merits of this appeal, we must first consider whether counsel has fulfilled the procedural requirements for withdrawal. *Commonwealth v. Muzzy*, 141 A.3d 509, 510 (Pa. Super. 2016). Pursuant to *Turner/Finley* and their progeny:

> Counsel petitioning to withdraw from PCRA representation must . . . review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that . . . satisfy the technical demands of *Turner/Finley*, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, our review reveals counsel has substantially complied with the procedural aspects of *Turner/Finley*. Although she filed a brief, as opposed to a "no merit" letter, counsel's brief properly lists the issues Houseknecht wishes us to review and explains why they are meritless. *See* Houseknecht's Brief at 10-19. Furthermore, counsel provided Houseknecht with a copy of the brief and the petition to withdraw, and advised him of his right to proceed

*pro se* or with private counsel. **See** Petition to Withdraw as Counsel, 12/17/2018. Despite this Court granting him an extension of time to do so, Houseknecht has not responded to counsel's petition. Therefore, we proceed to a consideration of whether the PCRA court erred in dismissing the petition. **See Doty**, **supra**.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Here, the PCRA court determined, *inter alia*, that Houseknecht's petition was untimely. We agree. A petitioner must file a PCRA petition within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1).

> The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super.2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 572 U.S. 1151 (2014).

Houseknecht's judgment of sentence was final on April 3, 2006; 30 days[5] after this Court affirmed the judgment of sentence and Houseknecht failed to seek leave to appeal from the Pennsylvania Supreme Court. **See**

---

[5] April 1, 2006, the thirtieth day, was a Saturday.

Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until April 3, 2007, to file a timely PCRA petition. The one before us, filed January 14, 2016, is patently untimely.

Nevertheless, we may still consider an untimely PCRA petition if one of the three time-for-filing exceptions applies. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Here, Houseknecht contends his petition meets the newly recognized constitutional right exception,[6] which provides an avenue for relief if the petitioner pleads and proves:

> the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(iii). For claims arising prior to December 24, 2017, a petitioner invoking an exception must file his petition within 60 days of the date he or she could have presented the claim.[7] *See* Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3.

---

[6] In her brief, counsel notes that Houseknecht "baldly" asserted in his *pro se* PCRA petition that the governmental interference exception also applied. Houseknecht's Brief, at 18. Counsel attempted inquiry of Houseknecht in order to ascertain the bases of his claims but he did not reply. Petition to Withdraw as Counsel, 12/17/2018, at 1. Moreover, as noted above, Houseknecht did not file a brief with this Court in which he explained the basis for his claim of governmental interference. Therefore, we will not address such an undeveloped allegation.

[7] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could

Here, Houseknecht contends that the PCRA court erred in denying his petition as untimely because of the newly recognized constitutional rights announced in *Alleyne v. United States*, 570 U.S. 99 (2013), and the Pennsylvania Supreme Court's subsequent decision in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015).[8]  Houseknecht's Brief, at 15-17.  This claim lacks merit.

Houseknecht's reliance on *Alleyne* and *Hopkins* is misplaced because neither the Pennsylvania nor the United States Supreme Court have held the constitutional rights examined in those cases to be retroactive.[9]  To the contrary, the courts in this Commonwealth have expressly rejected the notion that *Alleyne* applies retroactively to cases on collateral review.  *See Commonwealth v. Washington*, 142 A.3d 810, 814–815 (Pa. 2016) (holding that *Alleyne* does not apply retroactively to cases on collateral review); *Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa. Super. 2015)

---

have been presented, for all claims arising after December 24, 2017.  *See* Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3.

[8] In *Alleyne*, the United States Supreme Court held that the Sixth Amendment requires that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  *Alleyne*, *supra* at 103 (citation omitted).  Thereafter, in *Hopkins*, the Supreme Court held that 18 Pa.C.S.A. § 6317, requiring the imposition of a mandatory minimum sentence if certain drug crimes occur within 1,000 feet of a school, is unconstitutional under *Alleyne*.  *Hopkins*, *supra* at 262.

[9] We note, moreover, that the trial court did not sentence Houseknecht under 18 Pa.C.S.A. § 6317, the mandatory minimum sentence provision found unconstitutional in *Hopkins*.

(stating that, "while this Court has held that **Alleyne** applies retroactively on direct appeal, we have declined to construe that decision as applying retroactively to cases during PCRA review"). Because **Alleyne** is not retroactive to cases pending on collateral review, the derivative cases applying **Alleyne** also are not retroactive. **See, e.g.**, **Commonwealth v. Whitehawk**, 146 A.3d 266, 271 (Pa. Super. 2016) (holding that **Hopkins** did not announce new rule for purposes of retroactive application to cases on collateral review but merely applied **Alleyne** to particular mandatory minimum statute). Therefore, Houseknecht fails to satisfy the newly recognized constitutional right exception the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii). Therefore, we agree with the PCRA court's determination that the instant petition is untimely, that the petition does not satisfy any statutory exception, and that there is no jurisdiction for any court to review the petition.

Accordingly, we affirm.

Order affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/30/2019</u>